**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                      Case No. 3:15-cr-17-J-32JRK

GEORGE HENRY PETRAKIS

_____

**O R D E R**

This case is before the Court on Defendant's Motion to Suppress Evidence from Unlawful Stop, Detention and/or Search (Doc. 36). The Magistrate Judge held an evidentiary hearing, following which he entered a Report and Recommendation (Doc. 78) recommending that the motion be denied. Following objections from Defendant, the undersigned held a limited evidentiary hearing on July 1, 2016.

Upon de novo review of the motion, including consideration of the evidence tendered both at the evidentiary hearing held before the Magistrate Judge and the limited evidentiary hearing before the undersigned, the Court adopts the Report and Recommendation, and will deny the motion to suppress. However, the Court writes briefly regarding two issues.

First, although under the facts of this case the two separate stops by the Florida Highway Patrol of the same vehicle were lawful under Whren v. United States[1] because they were supported by independent bases to believe that Defendant was violating the traffic laws of the State of Florida, under different circumstances,

_____

[1] 116 S. Ct. 1769 (1996).

multiple stops by law enforcement of the same vehicle during the same trip could become problematic. <u>See</u> Report and Recommendation, Doc. 78 at 41-42.

The second issue, which was also identified by the Magistrate Judge, is whether canine Nick's failure to give a "final response" affects whether there was probable cause to search the vehicle. On this point, the Court heard testimony at the limited evidentiary hearing from Trooper Creech, which it finds credible (as did the Magistrate Judge in his evidentiary hearing).

Under precedent from other Circuits, it appears that even in the absence of a final response, a change in the dog's behavior plus testimony from the dog's handler that such behavior constitutes an "alert" is sufficient to support probable cause to search. Report and Recommendation, Doc. 78 at 48-50. <u>See, e.g.</u>, <u>United States v. Parada</u>, 577 F.3d 1275 (10th Cir. 2009) (rejecting challenge to a canine's failure to give a final response); <u>United States v. Thomas</u>, 726 F.3d 1086, 1098 (9th Cir. 2013) (approving of <u>Parada</u>'s rationale); <u>United States v. Holleman</u>, 743 F.3d 1152, 1157 (8th Cir. 2014) (dog's failure to give a final response unnecessary where other behaviors demonstrated two definitive alerts); <u>see also</u> <u>United States v. Clayton</u>, 374 F. App'x 497, 502 (5th Cir. 2010) (change in dog's behavior plus testimony from officers is sufficient).

However, this case, and others like it, raise this issue: the primary basis upon which the Supreme Court allows a dog sniff to create probable cause is the training and certification of the canine which gives confidence in the reliability of the dog's signal that contraband is present. <u>See, e.g.</u>, <u>Florida v. Harris</u>, 133 S. Ct. 1050, 1057

(2013) ("[E]vidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust [the dog's] alert."). The dogs are trained to give an objective "final response" or "final indication" (such as sitting) when they are at the source of the contraband. However, as actually practiced in the field, at least with respect to car sniffs, the dog hardly ever proceeds to the final response and instead the handler relies on more subjective, variable behavior to detect that the dog is "alerting" to contraband.[2] Trooper Creech further testified:

> THE WITNESS: .... Once [the dog] gets to the strongest point of the source of the odor, he's going to give you a final response, whether it be scratching, biting, or sitting or laying.
>
> THE COURT: But that's different than an alert?
>
> THE WITNESS: [The final response is] a trained behavior. The alert is a subconscious behavior.[3]

Draft Transcript of July 1, 2016 hearing at 60-61.

---

[2] In response to hypothetical questions from the Court, Trooper Creech testified that out of 100 vehicle deployments roadside, he would only expect a canine to give a final response "[m]aybe one or two, very few" times, while the number of alerts would be much higher. Draft Transcript of July 1, 2016 hearing at 57.

[3] In addition to testifying about his and Nick's relevant training, both individually and together, and the circumstances surrounding Nick's deployment in this case, Trooper Creech testified that law enforcement canines could or would give a final response if they were permitted to "work to the source" of the odor they have detected, and it is possible that Nick would have given a final response in this case had Trooper Creech placed Nick inside the vehicle and allowed him to continue working to the source of the odor. Draft Transcript of July 1, 2016 hearing at 28-29, 54-55.

3

This dichotomy between what constitutes an "alert" and a "final response" allowed Defendant's canine expert to opine that the dog here did not send a valid signal because he did not give his trained "final response" of sitting.

It is a valid question why dogs are trained to give this objective "final response" as evidence that the dog has located the strongest source of the contraband odor, yet law enforcement is allowed to rely on the "subconscious" alert behavior to provide probable cause. Appellate courts outside of the Eleventh Circuit have not appeared to be troubled by this issue. The Eleventh Circuit has apparently not decided the question, though it has approved behavior similar to that of the canine here as evidence of a valid signal. See United States v. Nelson, 309 F. App'x 373, 374-76 (11th Cir. 2009) (approving of similar behavior as indicating the presence of drugs).

While Defendant's motion to suppress is due to be denied, this area of Fourth Amendment law might deserve further exploration. Cf. Florida v. Jardines, 133 S. Ct. 1409, 1413 (2013) ("After sniffing the base of the front door, the dog sat, which is the trained behavior upon discovering the odor's strongest point.")

Accordingly, it is hereby

**ORDERED:**

1.     Defendant's Amended Objection to Magistrate's Report and Recommendation (Doc. 85) is **OVERRULED**.

2.     The Report and Recommendation (Doc. 78) is **ADOPTED** as the opinion of the Court.

3.     Defendant's Motion to Suppress Evidence from Unlawful Stop, Detention and/or Search (Doc. 36) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

ab
Copies:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of record